IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Scholz Design, Inc.<br>3131 Executive Parkway<br>Toledo, Ohio 43606,<br>              Plaintiff,<br>vs. | :<br><br>:<br><br><br>: | Case No._____<br><br>(Hon. _____)<br><br>**COMPLAINT AND JURY DEMAND** |
| Keystone Development, Corp.<br>c/o Michael Staiti, Registered Agent<br>91 Main Street, Suite 103<br>Marlborough, MA 01752 | :<br><br>:<br><br>: | |

And
Lingley Lane LLP
c/o Richard Olstein, Registered Agent
51 Plain Road
Wayland, MA 01778

And
Lusid Development, LLC
c/o John D. Colliander, Esq., Registered Agent
Colliander Field & Brown
126 Daniel Street
Portsmouth, NH 03801

And
G. Scott Steeves, Jr.
4 Leary Lane
Middleton, MA 01949

And
Paul A. Mahoney, Individually and d/b/a Paul A. Mahoney & Associates Architects
70 Seven Star Lane
Concord, MA 01742
              Defendants.

Plaintiff Scholz Design, Inc. ("Scholz") complains against Defendants Keystone Development, Corp., Lingley Lane LLP, Lusid Development, LLC , G. Scott Steeves, Jr. and Paul A. Mahoney, Individually and d/b/a Paul A. Mahoney & Associates Architects as follows:

## INTRODUCTION AND PARTIES

1. This civil action involves claims of copyright infringement of architectural works relating to two homes. The two homes are located at 8 Lingley Lane, in Wayland, Massachusetts (the "8 Lingley Lane house") and 84 Drinkwater Road in Hampton Falls, New Hampshire (the "84 Drinkwater Road house").

2. Scholz is a Delaware corporation with its principal place of business in Toledo, Ohio.

3. Defendant Keystone Development, Corp. ("Keystone Development") is a Massachusetts corporation with a principal place of business at 91 Main Street, Suite 103, Marlborough, MA 02110, and upon information and belief is a builder and/or developer of the 8 Lingley Lane house and the 84 Drinkwater Road house. Upon information and belief, Michael Staiti and Richard Olstein are co-owners of Keystone Development, and Michael Staiti is the sole officer of Keystone Development.

4. Defendant Lingley Lane LLP ("Lingley Lane LLP") is a Massachusetts limited liability partnership with a principal place of business at 91 Main Street, Suite 103, Marlborough, MA 02110, and upon information and belief is a developer of the 8 Lingley Lane house. Upon information and belief, Michael Staiti and Richard Olstein are the general partners of Lingley Lane LLP.

5. Defendant Lusid Development LLC ("Lusid Development") is a New Hampshire corporation with a principal place of business at 349 Newbury Street, Suite 301, Boston, MA 02115, and upon information and belief is a builder and/or developer of the 84 Drinkwater Road house. Upon information and belief, Linda Olstein, Richard Olstein's wife, is the President and Treasurer of Lusid Development LLC.

6. Defendant G. Scott Steeves, Jr. is a resident of Massachusetts, with his address at 4 Leary Lane, Middleton, MA 01949, and upon information and belief is a builder of the 8 Lingley Lane house and the 84 Drinkwater Road house and an employee of Keystone Development, Corp.

7. Defendant Paul A. Mahoney is a resident of Massachusetts who is doing business as Paul A. Mahoney & Associates Architects, 70 Seven Star Lane, Concord, MA 01742, and upon information and belief is the architect who prepared the plans for the 8 Lingley Lane house.

## JURISDICTION

8. This Court has personal jurisdiction over each defendant.

9. This Court has subject matter jurisdiction over this civil action for copyright infringement pursuant to 28 U.S.C. § 1331 and § 1338(a).

10. Venue is proper pursuant to 28 U.S.C. § 1391 and § 1400.

## COUNT I

### COPYRIGHT INFRINGEMENT CLAIM AGAINST DEFENDANTS REGARDING THE HOUSE LOCATED AT 8 LINGLEY LANE, WAYLAND, MA

11. Scholz incorporates by reference paragraphs 1 through 10.

12. Scholz is engaged in the research, development, creation and sale of architectural home designs and drawings. Scholz has developed a network of licensed or registered builders for Scholz designs. Scholz's home designs are sold internationally and in interstate commerce.

13. Scholz authored architectural designs and drawings entitled "Hartford A 38" (the "Hartford Design"). A true and accurate copy of the abridged version of the Hartford Design is attached as **Exhibit A**.

14.     The Hartford Design is an original work of authorship and constitutes copyrightable subject matter under the copyright laws of the United States (17 U.S.C.A. §101 *et seq*.). Scholz is the author of the Hartford Design and the current claimant in the copyright of the Hartford Design.

15.     Scholz has complied in all respects with the copyright laws of the United States and has secured the exclusive rights and privileges in and to the Hartford Design. Scholz has applied for and received from the Register of Copyrights the appropriate Certificates of Copyright Registration for the Hartford Design. True and accurate copies of the Certificates of Copyright Registration for the Hartford Design are attached as **Exhibit B**.

16.     Commencing on the date of first publication, and consistently thereafter, the Hartford Design has been published by Scholz in conformity with the copyright laws of the United States.

17.     In February of 2002, Richard Olstein, upon information and belief one of the owners of Keystone Development and Lingley Lane LLP, ordered a set of plans for the Hartford design for his review on behalf of a different entity, W.R.T. Management/Creative Development Associates. Scholz complied with this request. In April 2002, Richard Olstein represented to Scholz that although he liked the Hartford design, it did not work on the lot he intended to build upon.

18.     Not until May of 2010 did Scholz have reason to investigate a potential copyright violation relating to 8 Lingley Lane.

19.     Without Scholz's prior knowledge or permission and after Scholz obtained the Certificates of Copyright Registration for the Hartford Design, the Defendants Keystone Development, Lingley Lane LLP, G. Scott Steeves, Jr. and Paul A. Mahoney, Individually and

d/b/a Paul A. Mahoney & Associates Architects (collectively the "8 Lingley Lane Defendants") prepared, or induced, caused, or materially contributed to the preparation of, certain architectural drawings for the 8 Lingley Lane house by copying the Hartford Design. Specifically, the 8 Lingley Lane Defendants have used the drawings and otherwise induced, caused, or directed the wrongfully copied the Hartford Design to be used or exploited in the construction of the 8 Lingley Lane house. A true and accurate copy of the plans of the 8 Lingley Lane house on file with the Town of Wayland, Massachusetts Building Department is attached as **Exhibit C**.

21.   Upon information and belief, the 8 Lingley Lane Defendants participated in the infringing activities, including but not limited to the copying of the Hartford Design, the preparation of the architectural drawings for the 8 Lingley Lane house, and the construction of the House.

22.   The 8 Lingley Lane Defendants' actions violate Scholz's exclusive copyrights in the Hartford Design and those actions constitute an infringement of Scholz's copyrights under 17 U.S.C.A. § 106.

23.   Upon information and belief, the 8 Lingley Lane Defendants' copyright infringement was knowing, willful and intentional.

24.   The 8 Lingley Lane Defendants' actions have caused, and will continue to cause, irreparable damage to Scholz for which there exists no adequate remedy at law.

25.   During the pendency of this action, and permanently thereafter, the 8 Lingley Lane Defendants should be enjoined and restrained from copying, preparing derivative works based upon, or otherwise infringing upon, directly or indirectly, Scholz's copyright in the Hartford Design.

26. Scholz is entitled to recover all damages suffered as a result of the 8 Lingley Lane Defendants' wrongful acts, including but not limited to profits obtained by the 8 Lingley Lane Defendants as a result of their wrongful acts and the loss of profits sustained by Scholz. In the alternative, Scholz is entitled to recover statutory damages in an amount to be determined by the Court. Scholz is also entitled to recover all reasonable attorney's fees, court costs and interest on said damages from the date of the 8 Lingley Lane Defendants' infringement.

27. WHEREFORE, Plaintiff Scholz Design, Inc. demands judgment as follows:

A. An order from this Court preliminarily and permanently enjoining and restraining the 8 Lingley Lane Defendants and their respective agents, along with those in active participation with the 8 Lingley Lane Defendants, from copying, preparing derivative works based upon, or otherwise infringing upon, directly or indirectly, Scholz's copyright in the Hartford Design in accordance with 17 U.S.C.A. §502;

B. A monetary judgment against the 8 Lingley Lane Defendants, jointly and severally, for Scholz's damages and the profits derived by the 8 Lingley Lane Defendants from their unauthorized use of the Hartford Design and infringement upon Scholz's copyrights in that design; or, in the alternative, statutory damages in an amount to be determined by the Court based upon the 8 Lingley Lane Defendants' intentional, willful and deliberate copyright infringement in accordance with 17 U.S.C.A. §504;

C. An award of all reasonable attorney's fees and costs incurred by Scholz in pursuit of its copyright infringement claims, along with interest and all damages from the date of the 8 Lingley Lane Defendants' infringements in accordance with 17 U.S.C.A. §505; and

D. All other legal and equitable relief as the Court deems just and appropriate.

## COUNT II

## COPYRIGHT INFRINGEMENT CLAIM AGAINST DEFENDANTS REGARDING THE HOUSE LOCATED AT 84 DRINKWATER ROAD, HAMPTON FALLS, NH

28. Scholz incorporates by reference paragraphs 1 through 27.

29. Scholz is engaged in the research, development, creation and sale of architectural home designs and drawings. Scholz has developed a network of licensed or registered builders for Scholz designs. Scholz's home designs are sold internationally and in interstate commerce.

30. Scholz authored architectural designs and drawings entitled "Mayflower C 37" (the "Mayflower Design"). A true and accurate copy of the abridged version of the Mayflower Design is attached as **Exhibit D**.

31. The Mayflower Design is an original work of authorship and constitutes copyrightable subject matter under the copyright laws of the United States (17 U.S.C.A. §101 *et seq*.). Scholz is the author of the Mayflower Design and the current claimant in the copyright of the Mayflower Design.

32. Scholz has complied in all respects with the copyright laws of the United States and has secured the exclusive rights and privileges in and to the Mayflower Design. Scholz has applied for and received from the Register of Copyrights the appropriate Certificates of Copyright Registration for the Mayflower Design. True and accurate copies of the Certificates of Copyright Registration for the Mayflower Design are attached as **Exhibit E**.

33. Commencing on the date of first publication, and consistently thereafter, the Mayflower Design has been published by Scholz in conformity with the copyright laws of the United States.

34. In January of 2001, Richard Olstein, upon information and belief one of the

owners of Keystone Development, ordered a set of plans from Scholz for the Mayflower design for his review on behalf of a different entity, W.R.T. Management/Creative Development Associates. Scholz complied with this request. In June 2001, Richard Olstein purchased a one time use of the Mayflower design for W.R.T. Management/Creative Development Associates, which, upon information and belief and the representations of Richard Olstein, was used to construct a house at 4 Lingley Lane in Wayland, Massachusetts.

35. Not until May of 2010 did Scholz have reason to investigate a potential copyright violation relating to 84 Drinkwater Road.

36. Without Scholz's prior knowledge or permission and after Scholz obtained the Certificates of Copyright Registration for the Mayflower Design, the Defendants Keystone Development, Lusid Development and G. Scott Steeves, Jr. (collectively the "84 Drinkwater Road Defendants") prepared, or induced, caused, or materially contributed to the preparation of, certain architectural drawings for the 84 Drinkwater Road house by copying the Mayflower Design. Specifically, the 84 Drinkwater Road Defendants have used the drawings and otherwise induced, caused, or directed the wrongfully copied the Mayflower Design to be used or exploited in the construction of the 84 Drinkwater Road house. A true and accurate copy of the photographs of the 84 Drinkwater Road house are attached as **Exhibit F**. Upon information and belief, the homeowner of 84 Drinkwater Road was given a copy of the abbreviated plans and specifications for his house by the 84 Drinkwater Road Defendants, and those plans are a copy of the Mayflower Design complete with the Scholz Design logo and copyright notices. A true and accurate copy of documents given to the homeowner of 84 Drinkwater Road by the 84 Drinkwater Road Defendants are attached as **Exhibit G**.

37. Upon information and belief, the 84 Drinkwater Road Defendants participated in

the infringing activities, including but not limited to the copying of the Mayflower Design, the preparation of the architectural drawings for the 84 Drinkwater Road house, and the construction of the House.

38. The 84 Drinkwater Road Defendants' actions violate Scholz's exclusive copyrights in the Mayflower Design and those actions constitute an infringement of Scholz's copyrights under 17 U.S.C.A. § 106.

39. Upon information and belief, the 84 Drinkwater Road Defendants' copyright infringement was knowing, willful and intentional.

40. The 84 Drinkwater Road Defendants' actions have caused, and will continue to cause, irreparable damage to Scholz for which there exists no adequate remedy at law.

41. During the pendency of this action, and permanently thereafter, the 84 Drinkwater Road Defendants should be enjoined and restrained from copying, preparing derivative works based upon, or otherwise infringing upon, directly or indirectly, Scholz's copyright in the Mayflower Design.

42. Scholz is entitled to recover all damages suffered as a result of the 84 Drinkwater Road Defendants' wrongful acts, including but not limited to profits obtained by the 84 Drinkwater Road Defendants as a result of their wrongful acts and the loss of profits sustained by Scholz. In the alternative, Scholz is entitled to recover statutory damages in an amount to be determined by the Court. Scholz is also entitled to recover all reasonable attorney's fees, court costs and interest on said damages from the date of the 84 Drinkwater Road Defendants' infringement.

43. WHEREFORE, Plaintiff Scholz Design, Inc. demands judgment as follows:

    A. An order from this Court preliminarily and permanently enjoining and

restraining the 84 Drinkwater Road Defendants and their respective agents, along with those in active participation with the 84 Drinkwater Road Defendants, from copying, preparing derivative works based upon, or otherwise infringing upon, directly or indirectly, Scholz's copyright in the Hartford Design in accordance with 17 U.S.C.A. §502;

    B. A monetary judgment against the 8 Lingley Lane Defendants, jointly and severally, for Scholz's damages and the profits derived by the 8 Lingley Lane Defendants from their unauthorized use of the Mayflower Design and infringement upon Scholz's copyrights in that design; or, in the alternative, statutory damages in an amount to be determined by the Court based upon the 84 Drinkwater Road Defendants' intentional, willful and deliberate copyright infringement in accordance with 17 U.S.C.A. §504;

    C. An award of all reasonable attorney's fees and costs incurred by Scholz in pursuit of its copyright infringement claims, along with interest and all damages from the date of the 84 Drinkwater Road Defendants' infringements in accordance with 17 U.S.C.A. §505; and

    D. All other legal and equitable relief as the Court deems just and appropriate.

## JURY DEMAND

Scholz demands a jury trial.

Respectfully submitted,

/s/ Molly E. Meacham
Holly M. Polglase, Esq., BBO #553271
Molly E. Meacham, Esq., BBO #667459
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, Massachusetts 02129
Telephone: 617-241-3000
Email: hpolglase@campbell-trial-lawyers.com
mmeacham@campbell-trial-lawyers.com